**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Wayne Lummus, | No. CV-22-02079-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

In May 2023, Plaintiff David Lummus applied for a preliminary injunction that would require NaphCare provide him with cloth diapers due to his incontinence. (Doc. 15). Since that time, the Court has solicited and obtained additional information regarding Plaintiff's request. Having reviewed the parties' filings, Plaintiff has not carried his burden of establishing he is entitled to immediate relief.

As set forth in the latest supplement from NaphCare, Plaintiff "has been receiving disposable briefs for years while in custody, yet no rash caused by a brief has ever been noted or observed by health staff." (Doc. 55-1 at 5). Instead of records showing a rash, the records indicate Plaintiff has requested disposable diapers on multiple dates. In August 2021, Plaintiff sent a health needs request stating he needed "Tranquility ATN," a type of disposable diaper. Plaintiff stated he was "willing to purchase a year supply, 24 packages with [his] own money." (Doc. 55-1 at 9). Plaintiff now argues the "Tranquility ATN briefs" were meant "only as a temporary item." (Doc. 33 at 3). But it is implausible Plaintiff would have requested an entire year supply of a diaper he was unable to use longer

than temporarily.

In January 2022, Plaintiff sent another health needs request asking for additional diapers. In that request Plaintiff stated he needed the "blue diapers in a clear package." (Doc. 55-1 at 9). Those diapers appear to be disposable diapers. That is, not the type of "cloth diapers" Plaintiff now seeks. Plaintiff has not explained why he was requesting the "blue diapers in a clear package," if, in fact, he could not use them.

Plaintiff may have an allergy to the disposable diapers offered to him and it is possible Plaintiff should be provided the "cloth diapers" he seeks. However, based on the undeveloped evidentiary record, and especially Plaintiff's own statements requesting non-cloth diapers, Plaintiff has not shown he is likely to succeed on the merits nor has he shown he is likely to suffer irreparable injury in the absence of preliminary relief. *Winter v. Natural Res. Defense Council Inc.*, 555 U.S. 7, 20 (2008). The failure to establish a sufficient likelihood of irreparable injury means Plaintiff cannot meet the alternative test for preliminary relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (noting plaintiff must still show "there is a likelihood of irreparable injury" even when plaintiff establishes "serious questions going to the merits"). Plaintiff's request for preliminary relief will be denied without prejudice.

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 15) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion for Leave to Supplement (Doc. 50) is **GRANTED**. The Clerk of Court shall file Doc. 51.

Dated this 17th day of July, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge